# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BLANCHARD,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 16-cv-01783-BAS(JLB)<br><br>**ORDER:**<br>**(1) ADOPTING IN PART REPORT AND RECOMMENDATION (ECF No. 71);**<br>**(2) GRANTING DEFENDANTS WELSHAAR AND BUCHANAN'S MOTION TO DISMISS (ECF No. 50);**<br>**(3) GRANTING DEFENDANT SERRA'S MOTION TO DISMISS (ECF No. 59);**<br>**(4) GRANTING IN PART/ DENYING IN PART DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS (ECF No. 31);**<br>**(5) GRANTING IN PART/ DENYING IN PART DEFENDANTS GMS, DRS. GILL, HOMANN, AND PURVIANCE'S MOTION TO DISMISS (ECF No. 52); AND**<br>**(6) GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT (ECF No. 35)** |

## I. LEGAL STANDARD

The Court reviews *de novo* those portions of a Magistrate Judge's Report and Recommendation ("R&R") to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R&R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

Objections must be written and specific. *See, e.g.,* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Cal. August. 15, 2013) (citing cases). In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting

the magistrate judge's recommendation. *See, e.g.,* Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court,* 501 F.3d 5, 7 (9th Cir. 1974)).

## II. ANALYSIS

No objections were filed to the part of the R&R recommending that this Court grant Dr. Serra's Motion to Dismiss (ECF No. 59) and grant Deputy Buchanan and Welshaar's Motion to Dismiss (ECF No. 50). Furthermore, having reviewed the R&R de novo, this Court finds the Magistrate Judge's R&R is well supported and appropriate. Hence, the Court adopts this part of the R&R and **GRANTS** the two Motions to Dismiss (ECF Nos. 50, 59) without further discussion.

Objections were filed, however, by Dr. Purviance (ECF No. 72), Dr. Gill (ECF No. 73), the County of San Diego ("County") (ECF No. 75), and by Plaintiff Blanchard to the part of the R&R recommending that the Court dismiss Dr. Homann and Global Medical Staffing ("GMS") (ECF No. 74). Hence, the Court will address each of these objections in turn.

### A. Dr. Purviance's Objections

Dr. Purviance does not object to the legal standard applied by the Magistrate Judge. Instead, she simply objects to the Magistrate Judge's factual conclusions drawn from the face of the Amended Complaint. (ECF No. 72.) Dr. Purviance claims that, since the Amended Complaint alleges that the doctor directed Blanchard to the watch commander when he asked if he could see his own private orthopedic specialist, the Amended Complaint fails to allege sufficient facts to support a claim of deliberate indifference. (*Id.*)

However, these objections ignore the part of the R&R that concludes the Amended Complaint alleges Dr. Purviance refused to make a referral to an orthopedic specialist "under the false premise that the 'Sheriff's Department would

not approve an orthopedic referral.'" (R&R at 7 (quoting Amended Complaint (ECF No. 30) at 10).) The Magistrate Judge correctly concludes that, at this stage of the proceedings and assuming all the allegations in the Amended Complaint are true, the allegation that Dr. Purviance refused to make a referral to an in-house orthopedic specialist based on false premises is sufficient to claim deliberate indifference and an Eighth Amendment violation. The fact that Dr. Purviance may have then told Blanchard he could talk to the watch commander about getting his own orthopedic doctor does not detract from the refusal to make a referral. Thus, Dr. Purviance's objections are overruled. (ECF No. 72.)

### B. Dr. Gill's Objections

Dr. Gill also does not object to the legal standard applied by the Magistrate Judge and objects only to the Magistrate Judge's factual conclusions. (ECF No. 73.) Dr. Gill claims that, since the Amended Complaint alleges that Dr. Gill prescribed prednisone for Blanchard and there is no claim that this is improper treatment, the claim of deliberate indifference is unsupported by the Amended Complaint.

Again, however, these objections ignore the plethora of other allegations against Dr. Gill. First, the Amended Complaint alleges that although the prescribed prednisone afforded Blanchard some relief, the symptoms resumed once the prednisone treatment was completed. (Amended Complaint at 11.) Blanchard informed Dr. Gill that after completing the initial prednisone treatment "the pain was worse pain than before." (Amended Complaint at 14.) Dr. Gill prescribed additional prednisone but informed Blanchard of serious side effects stemming from this continuous use of prednisone. (Amended Complaint at 15-16.) When Blanchard asked about different treatments with lesser side effects, Dr. Gill told him they existed but would require a specialist and then denied a referral to a specialist. (Amended Complaint at 17-18.)

In light of these additional allegations, the fact that the Amended Complaint alleges that Dr. Gill prescribed prednisone is not enough to avoid the claim that the doctor was deliberately indifferent and thus that the doctor violated Blanchard's Eighth Amendment rights. Hence, Dr. Gill's objections are overruled. (ECF No. 73.)

### C. The County's Objections

The County objects to the Magistrate Judge's R&R arguing Blanchard cannot claim deliberate indifference because of mere delays in his medical care, since the face of the Amended Complaint shows that he eventually did see the medical specialists and did get his conditions treated. (ECF No. 75.) Prison officials can be deliberately indifferent to a prisoner's serious medical needs when they "deny, *delay*, or intentionally interfere with medical treatment." *Hunt v. Dental Dep't*, 865 F.2d 198, 199 (9th Cir. 1989) (emphasis added) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1984)).

The County now claims that these delays were simply the time it "took medical personnel to coordinate visits for Plaintiff to treat with medical specialists" and that "[t]he practical realities of modern medicine and scheduling medical appointments with specialists invariably involve some delays." (ECF No. 75.) That may be so. However, that is a factual issue not appropriate at this stage of the proceedings. Plaintiff alleges the delays were not the result of the "practical realities of modern medicine" but instead a money-saving policy to restrict or delay inmates' referrals to specialists. (ECF No. 30 at 174.) At this stage of the proceedings, these allegations are sufficient. Hence the County's Objections (ECF No. 75) are overruled.

### D. Blanchard's Objections

#### 1. Objections Regarding Dr. Homan

Blanchard objects first to the R&R that Dr. Homann be dismissed, claiming that Dr. Homann failed to promptly refer him to a specialist. (ECF No. 74.) This allegation, however, appears nowhere in the Amended Complaint. In fact, other than alleging that he actually saw Dr. Homann for medical appointments, the only two allegations against Dr. Homann in the Amended Complaint are that:

(1) Dr. Homan "performed a thorough examination of [Blanchard's] condition noting swelling," told him that he had been referred to a Rheumatologist, and prescribed him an anti-inflammatory called Indomethacin "which would help with the pain and inflammation while waiting for Rheumatologist visit" (Amended Complaint at 54), and

(2) "Dr. Homan performed a detail[ed] examination and explained that there was an RH appointment scheduled in about one week and the orthopedic would be in about six weeks" (Amended Complaint at 72.).

Although the Amended Complaint goes on to say that Blanchard did not see a Rheumatologist in one week and that it took twenty-four days before he saw a Rheumatologist, there are no allegations that this was because of anything Dr. Homann did or said. Hence, Blanchard's objections with respect to Dr. Homan are overruled. (ECF No. 75.)

#### 2. Objections Regarding GMS

Blanchard objects to the R&R that GMS be dismissed arguing that, similar to a municipality, GMS should be liable for deficient medical care. (ECF No. 75.) The allegations in the Amended Complaint are the same for both GMS and the County. In the Amended Complaint, Blanchard alleges that GMS and the County had a policy or custom of restricting and/or denying referrals to medical specialists when such a case is expensive. (Amended Complaint ¶ 174.) Blanchard further

claims that Drs. Gill, Homan, and Purviance were following this custom or policy when they refused to send him to a medical specialist. (Amended Complaint ¶¶ 175, 190.) As a result, Blanchard claims he suffered pain needlessly. (Amended Complaint ¶¶ 178, 195.)

The R&R recommends that the Court finds GMS acted under color of law when it treated Blanchard's medical condition. (R&R at 5, ll. 4-15.) No one objected to this recommendation, and this Court adopts the reasoning of the R&R and this finding.

However, the R&R then recommends this Court find that the allegations were sufficient with respect to the County (R&R at 10, ll. 2-17), but insufficient with respect to GMS (R&R at 8, l. 20 & 9, l. 3). Blanchard objects to this recommendation arguing that GMS should be "considered similar to a municipality" because it "contracted as a private corporation with San Diego County to provide medical services." (ECF No. 74.) GMS files no response to the objection. This Court agrees with the objection. The allegations against the two Defendants are identical, and the Court fails to see why they should be treated differently. For the reasons stated above with respect to the County, the Court **OVERRULES** the R&R and finds the allegations are sufficient with respect to GMS. Therefore, the Court sustains Blanchard's objections with respect to GMS and **DENIES** GMS's Motion to Dismiss.

## III. CONCLUSION & ORDER

After conducting a *de novo* review of the R&R's reasoning, the Court concludes that Judge Shopler's reasoning is mostly sound. Accordingly, the Court **OVERRULES** the objections of Defendants (ECF No. 72, 73, 75), **OVERRULES IN PART/SUSTAINS IN PART** Plaintiff's Objections (ECF No. 74), **APPROVES** and **ADOPTS** the R&R with the exception of the recommendation that GMS be dismissed from the first cause of action. (ECF No. 71.)

1 |      The Court **GRANTS** the County's Motion to Strike (ECF No. 35), **GRANTS** Defendants Welshaar and Buchanan's Motion to Dismiss (ECF No. 50) and **GRANTS** Defendant Serra's Motion to Dismiss (ECF No. 59). Defendants Welshaar, Buchanan, and Serra are dismissed from the Complaint. Finally, as laid out in the R&R and this Order, the Court **GRANTS IN PART/ DENIES IN PART** the remaining Defendants' Motions to Dismiss. (ECF Nos. 31, 52.) The Court dismisses Dr. Homann from the first cause of action for a violation of the Eighth Amendment, but otherwise, the Motions to Dismiss are denied.

     **IT IS SO ORDERED.**

**DATED: September 11, 2017**

Hon. Cynthia Bashant
United States District Judge